FISHER, Circuit Judge,
dissenting:
I respectfully dissent from the court’s order. There are two reasons to hold Henry’s appeal in abeyance until McKinney v. Ryan, 730 F.3d 903 (9th Cir.2013), reh’g en banc granted, 745 F.3d 963, 2014 WL 1013859 (9th Cir. Mar. 12, 2014), is decided. First, as the majority notes, our court has taken similar action in Poyson v. Ryan, No. 10-99005 (9th Cir. Apr. 2, 2014), and it would be inequitable to deny Henry the same relief we have afforded Poyson, a similarly situated capital habeas petitioner. Second, our denial of habeas relief in Henry’s case was based on our application of harmless error review to Henry’s claim of unconstitutional causal nexus error. See Henry v. Ryan, 720 F.3d 1073, 1089-91 (9th Cir.2013). If McKinney holds that error under Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), is structural, our denial of habeas relief would no longer constitute good law. Although there may be times when getting the right answer should yield to the interest in finality, this is not one of them. The mandate in Henry’s capital habeas appeal has not yet issued, and “[ujntil the mandate issues, we retain jurisdiction, and we are capable of modifying or rescinding [our] opinion.” Mariscal-Sandoval v. Ashcroft, 370 F.3d 851, 856 (9th Cir.2004) (citation omitted). Henry’s appeal should be stayed until McKinney is resolved. If McKinney holds that Eddings error is structural, we should withdraw our opinion *943 and address whether Henry is entitled to habeas relief.
These steps, of course, are all the more appropriate given that this is a death penalty case, and a life hangs in the balance. See Mayfield v. Woodford, 270 F.3d 915, 933 (9th Cir.2001) (en banc) (Gould, J., concurring) (a capital defendant, “for whom life or death hangs in the balance, deserves the benefit of the doubt”); see also Harmelin v. Michigan, 501 U.S. 957, 994, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Scalia, J.) (“Proportionality review is one of several respects in which we have held that ‘death is different,’ and have imposed protections that the Constitution nowhere else provides.”). And the path Henry has proposed, and that we have taken in Poy-son, serves the interests in judicial economy by staying Supreme Court proceedings while our own law, and potentially the outcome in Henry’s appeal itself, remain in flux.
I agree with the majority that the Supreme Court ought to decide whether Ed-dings error is structural. But the Court has so far declined to address that issue. See Ben Cheng, Petition of the day, SCO-TUSblog (Sept. 21, 2012, 10:55 PM), http:// www.scotusblog.com/2012/09/petition-of-the-day-340/ (“Issue: Whether Eighth Amendment harmless-error review applies when a capital-sentencing jury is precluded from considering relevant mitigating evidence.”), McGowen v. Thaler, 675 F.3d 482, 496 (5th Cir.2012), cert. denied, - U.S.-, 133 S.Ct. 648, 184 L.Ed.2d 465 (2012). Given that Supreme Court review is discretionary, see Sup.Ct. R. 10, Henry appropriately relies not only on his petition for certiorari but also on our en banc process in McKinney to address his structural error argument.